UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL A. LEVINE, ESQ. as Chapter 7 Trustee,

            **Plaintiff-Appellant,**

vs.                                                     1:18-cv-00231
                                                         (MAD)

**CHRISTOPHER S. TRUMBELL et al.,**

            **Defendant-Appellees.**
_____

APPEARANCES:                        OF COUNSEL:

**LEMERY GREISLER, LLC**            **PAUL A. LEVINE, ESQ.**
50 Beaver Street
Albany, New York 12207
Attorneys for Plaintiff-Appellant

**WILSON, ELSER, MOSKOWITZ,**    **PETER A. LAURICELLA, ESQ.**
**EDELMAN & DICKER, LLP**         **CHRISTOPHER A. PRIORE, ESQ.**
200 Great Oaks Boulevard, Suite 228
Albany, New York 12203
Attorneys for Defendant-Appellees Trumbull,
Trumbull, and Lobo

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff-Appellant Paul A. Levine, as Chapter 7 Trustee, appeals the Order of United States Bankruptcy Judge Robert E. Littlefield, Jr., granting a motion for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056, entered February 9, 2018, which granted Defendant-Appellees' Christopher S. Trumbull, Jennifer A. Trumbull, and Fatima Lobo's motion for summary judgment and dismissed Appellant's adversary proceeding complaint. *See* Dkt. No. 2 at 12. For the reasons set forth below, the judgment of the bankruptcy court is affirmed.

### II. BACKGROUND

A.  **Procedural History**

On April 29, 2012, Debtor Timothy J. Stallmer filed his voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. *See* Dkt. No. 8 at 3. The Trustee filed an adversary proceeding complaint seeking to quiet title to real property located at 170 Glass Lake Road, Averill Park, New York. The property was allegedly transferred by the debtor to a party holding a forged mortgage on the property, who then transferred the property to Defendant-Appellees Christopher and Jennifer Trumbull. *Id*. Defendant-Appellee Fatima Lobo is an attorney and purported owner and holder of a mortgage on the property. *Id*. The adversary proceeding complaint also sought to strike from the public record all encumbrances on the property, including the mortgage held by Defendant-Appellee Lobo. *See* Dkt. No. 11 at 2.

Defendant-Appellees D. Wallace Bryce, and Richard F. Lease defaulted in answering the complaint and cross claims in the adversary proceeding.[1] *See* Dkt. No. 8 at 3. They have also failed to appear in the instant appeal.

In his motion for summary judgment, Plaintiff-Appellant argued that (1) the deed was void due to forgery, (2) the deed was void due to fraudulent inducement/fraudulent pretenses, and (3) the debtor lacked the requisite intent to convey title. Plaintiff-Appellant also argued that the acknowledgment of the deed is a nullity because it was notarized by a party in interest.

B.  **Findings of the Bankruptcy Court**

The bankruptcy court noted the following on the record during the hearing on the motion for summary judgment:

> The facts are that Timothy Stallmer, the debtor, filed a
> Chapter 7 voluntary petition on April 29, 2015. Paul Levine as

---

[1] Since Bryce and Lease have not appeared to defend this appeal, the Court refers to "Defendant-Appellees" to their exclusion.

2

> Chapter 7 trustee commenced this adversary proceeding seeking a declaratory judgment quieting title to 170 Glass Lake Road, Averill Park, New York, the property.
>
> The defendants answered the complaint and filed a cross claim against co-defendant Richard F. Lease as trustee of the Richard F. Lease profit sharing plan. The defendants filed for summary judgment dismissing the complaint and the Court held oral argument on the motion on November 15, 2017. The trustee's arguments center around a series of transactions that occurred in 2010 and 2013 and involved the debtor, his wife, and Lease. The trustee alleges that on or about March 25, 2010 the debtor's wife, Marcia Doyle, [forged] the debtor's name on a mortgage that was executed in favor of Lease in exchange for $75,000. The debtor denies any knowledge at the time of the transaction of the mortgage or proceeds therefrom.
>
> The trustee further alleges that in March 2013 Doyle, "Came to [the debtor's] place of work at the state capitol, had him come out to the steps and had him quickly sign a deed and affidavit for deed in lieu of foreclosure all the while telling him only that they were needed to obtain a $10,000 loan." ECF Number 30. Doyle acknowledge[d] the deed which transferred the property to Lease. Lease recorded the deed with the debtor's signature on May 1, 2013. On July 23, 2014, Lease sold the property to Jennifer and Christopher Trumbull for $125,500 and on the same day assigned the mortgage to Fatima Lobo. The Trumbulls recorded their deed to the property on August 11, 2014. On October 9, 2014 the debtor gave a sworn statement to the Albany County District Attorney's office as part of a criminal investigation into Doyle. In that statement, he describes his and Doyle's financial arrangements including the day he signed. Doyle was subsequently indicted on various counts of tax fraud and unrelated fraud charges.
>
> The debtors argue that the trustee's complaint should be dismissed because the debtor transferred title to the property. In response, the trustee asserts that title to the property was never transferred because the initial transfer to Lease is void and at a minimum there are issues of fact which preclude the Court from ruling on a motion for summary judgment.

Dkt. No. 4-12 at 3-4.

The bankruptcy court found that "the deed was not forged in the traditional sense" because the debtor indeed signed the deed. *See* Dkt. No. 4-12 at 6. The bankruptcy court noted that "the

3

debtor's sworn statement to the District Attorney's Office makes clear that at the time he signed the deed, he understood he was signing a deed and not a different type of instrument such as a will. For this reason, the deed is not void as a forgery." *Id.*

### III. DISCUSSION

In exercising its appellate review under Rule 8013 of the Federal Rules of Bankruptcy Procedure, the district court reviews the bankruptcy court's findings of fact under a clear error standard and conclusions of law *de novo*. *See In re Vebeliunas*, 332 F.3d 85, 90 (2d Cir. 2003). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. "A district court may find a bankruptcy court's determination to be clearly erroneous when, on consideration of the record as a whole, the court is left with the definite and firm conviction that a mistake has been committed." *Hilton v. Wells Fargo Bank, N.A.*, 539 B.R. 10, 15 (N.D.N.Y. 2015) (citing *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 168 (2d Cir. 2001) (further citations omitted)).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleading. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

A.  **Voidability of the Deed**

   1. *Forgery/Fraudulent Inducement*

"It is well established that a forged deed is a void instrument and will, as a general rule, transfer no title to property." *In re Grimes*, 147 B.R. 307, 313 (Bankr. E.D.N.Y. 1992) (collecting cases). "The term 'forgery' encompasses not only falsified signatures, but also signatures obtained by artifice, trick or device." *Id*. (citing *Marden v. Dorthy*, 160 N.Y. 39, 54 (1899) ("[F]orgery may be committed by fraudulently procuring the signature of another to an instrument which he has no intention of signing.")). "In contrast, a fraudulently induced deed is merely voidable, not void[.]" *Weiss v. Phillips*, 157 A.D.3d 1, 11 (1st Dep't 2017) (citations omitted).

Upon *de novo* review of the law's applicability to the bankruptcy court's factual findings, the Court finds that the bankruptcy court was correct in its determination that "[i]n the present case . . . the deed was the result of fraudulent inducement because the debtor stated that he knew he was signing a deed but was unaware that the property would be transferred to Lease." *See* Dkt. No. 4-12 at 7. Here, it is clear, as the bankruptcy court found, that the debtor intended to sign the

5

instrument. That is sufficient to make this an instance of fraudulent inducement—not forgery. This renders the deed voidable and not void.

### 2. *Nullity of Acknowledgment*

"Although an unacknowledged deed cannot be recorded (rendering it invalid against a subsequent good faith purchaser for value) it may still be enforceable between the parties to the document (i.e., the grantor and the purchaser)." *Galetta v. Galetta*, 21 N.Y.3d 186, 191 (2013). Therefore, even if the acknowledgment was invalid, and the deed was not properly recorded, the deed itself is not invalid.

### 3. *Requisite Intent*

Lastly, Plaintiff-Appellant contends that there is a material issue of fact preventing the Court from ruling that the Trustee failed to rebut the presumption of intent where the grantee or grantee's agent possesses a deed. *See Stevenson v. Sutherland*, 150 A.D. 275, 276 (2d Dep't 1912). To rebut this presumption, Plaintiff-Appellant argues that the debtor's statements that he did not realize he was conveying property are sufficient to raise an issue of material fact. In order to overcome the presumption, however, a party must provide "evidence of the parties' actual intent[,]" such as evidence of actions taken later that are inconsistent with a previous conveyance. *See Goodell v. Rosetti*, 52 A.D.3d 911, 913 (3d Dep't 2008). A later attempt to sell the same property or the existence of a second deed, for example, would constitute evidence that creates a triable issue of fact. *See id*. at 914. The Court finds that there is no such evidence here. The debtor indicated that he had every intent of affixing his signature to the documents, and—irrespective of what the debtor believed the documents to be—those documents incontestably indicate that the property was to be transferred to Lease. The bankruptcy court was correct in its determination that Plaintiff-Appellant did not raise a genuine issue of material fact.

## IV. CONCLUSION

After carefully reviewing the record on appeal, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the judgment of the bankruptcy court is **AFFIRMED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 8, 2018
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge